UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LATRYCIA R. BOCK**,

    Plaintiff,

    v.

**ROBERT F. KENNEDY, JR.,**[1] *et al.*,

    Defendants.

Case No. 24-cv-2002 (CRC)

## OPINION AND ORDER

This is the second of two lawsuits filed by Latrycia R. Bock against various officials and employees of the United States Department of Health and Human Services. In the first case ("Bock I"), Bock alleged that she was subjected to discrimination and retaliation during her employment at the Food and Drug Administration ("FDA"). See Complaint, Bock v. Kennedy, No. 24-cv-2385 (D.D.C. July 5, 2024), Dkt. No. 1. This Court transferred Bock I to the District of Maryland, which was the proper venue for her Title VII claims. See Opinion & Order, Bock v. Kennedy, No. 24-cv-2385 (D.D.C. Apr. 3, 2025), Dkt. No. 50. In this case—filed three days after Bock I— Bock brings discrimination claims against many of the same defendants. In fact, the substance of the complaints appears to match word for word.[2] In light of this "convoluted and unusual" procedural history, the government asks the Court to either dismiss Bock's complaint or transfer the case to the District of Maryland. The Court will take the latter approach.

---

[1] By substitution pursuant to Fed. R. Civ. P. 25.

[2] Bock later filed an amended complaint Bock I. See Motion to Amend Lawsuit, Bock v. Kennedy, No. 24-cv-2385 (D.D.C. Dec. 4, 2024), Dkt. No. 26. That amended complaint brings additional claims based on purported breaches of two settlement agreements.

As the Court previously articulated in Bock I, this district is not the proper venue for Bock's discrimination claims. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., "provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976). Title VII's special venue provision states that claims may be brought in the judicial district in the State where (1) the alleged wrongdoing was committed; (2) the relevant employment records are maintained and administered; or (3) the plaintiff would have worked but for the alleged discrimination. 42 U.S.C. § 2000e-5(f)(3). The complaint in this case—like the complaint in Bock I—confirms that the alleged discrimination occurred in Maryland. See Compl. at 3 (listing Bock's "place of employment" as the FDA's office in Silver Spring, Maryland). Because this case is filed in the wrong venue, the Court must "dismiss, or if it be in the interest of justice, transfer" it to a district "in which it could have been brought." 28 U.S.C. § 1406(a). As the Court noted in its prior order, transfers are favored to "preserv[e] a petitioner's ability to obtain review," Nat'l Wildlife Fed'n v. Browner, 237 F.3d 670, 674 (D.C. Cir. 2001), especially when the plaintiff proceeds *pro se*, see James v. Verizon Servs. Corp., 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (citing cases).

Even if this Court were a proper venue for some of Bock's claims, the Court may nevertheless transfer the entire case to another district where venue is proper "in the interest of justice." 28 U.S.C. § 1404(a); see Liu v. Mayorkas, 737 F. Supp. 3d 1, 4 (D.D.C. 2024) (noting that 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a) are "mutually exclusive"). Because the complaints in Bock I and this case appear to be word-for-word copies of one another, the Court finds that both cases should be heard in the same district. Indeed, Bock previously conceded that "consolidation [of the two cases] is the appropriate course of action to ensure judicial efficiency and a full adjudication of all claims." Pl.'s Resp. to O.S.C. (ECF No. 3) at 1.

For the foregoing reasons, it is hereby

**ORDERED** that [30] Defendants' Motion to Transfer is **GRANTED**.  It is further

**ORDERED** that this case shall be transferred to the United States District Court for the District of Maryland.  It is further

**ORDERED** that [30] Defendants' Motion to Dismiss is **DENIED** as moot.  It is further

**ORDERED** that [32] Plaintiff's Motion for Leave to File a Supplemental Opposition to Defendants' Motion to Dismiss is **DENIED** as moot.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>October 2, 2025</u>